# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AT SAN ANTONIO

| | |
|---|---|
| ERIC WEISSER, individually and on behalf of all others similarly situated, | Case No. |
| | 5:26-CV-297 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| WHITE BARN HOME BUYERS LLC | |
| Defendant. | |

Plaintiff Eric Weisser ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against White Barn Home Buyers LLC. ("Defendant") and alleges as follows:

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant made pre-recorded calls to a cellular telephone number that it had no relationship with.

3. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff is an individual residing in Pasco County, Florida.

6. Defendant is a limited liability company headquartered in this District.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. The Court has personal jurisdiction over the Defendant because it is headquartered here.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent from this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

10. The TCPA prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient.

13. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc,* 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

14. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016).

### FACTUAL ALLEGATIONS

15. Plaintiff is the regular user to his cellular telephone number—(507) XXX-3173.

16. On December 10 and 11, 2025, Defendant called Plaintiff's cellular telephone at least four times, intending to reach someone other than, and unknown to, Plaintiff.

17. All calls came from telephone number (726) 240-2202.

18. The first four calls were made on December 10, 2025.

19. Each time Plaintiff answered the call, Plaintiff heard an interactive recorded message from a robot.

20. Plaintiff responded to the robot's questions and the calls proceeded in the following way:

> Are you interested in selling? *No.*
>
> Are you sure? *Yes. Please remove me from the calling list.*

Are you sure? *Yes*.

21. Despite Plaintiff's requests, Defendant kept calling.

22. On December 11, Plaintiff received two calls from Defendant.

23. Plaintiff rejected the first call.

24. Plaintiff answered the second call and had the same conversation with a prerecorded messages that he had the day prior.

25. Besides the calls, Plaintiff also received at least three text messages from Defendant on December 10 and 11, 2025 from the same telephone number (726) 240-2202 which are provided below.



4

26. The text messages identify the Defendant as White Barn Home Buyers and confirm they made the calls to Plaintiff.

27. Defendant used an artificial or prerecorded voice in connection with the calls.

28. Defendant left the same artificial or prerecorded voice message on both of the calls.

29. The subject artificial or prerecorded voice messages were generic in content.

30. The voice on both calls sounded artificial and robotic in tone and speech pattern.

31. Additionally, the same message was played on each of the five calls that Plaintiff answered.

32. Given the generic nature of the messages, the robotic tone of the messages, the content of the messages, and the fact the identical voice message was left on both of the calls, the messages Defendant delivered to Plaintiff were artificial or prerecorded in nature.

33. Plaintiff is not, nor was, a customer of Defendant, nor does Plaintiff have an account with Defendant.

34. Plaintiff did not provide telephone number (507) XXX-3173 to Defendant.

35. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (507) XXX-3173.

36. Defendant placed the subject calls to telephone number (507) XXX-3173 voluntarily.

37. Defendant placed the subject calls to telephone number (507) XXX-3173 under its own free will.

38. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (507) XXX-3173.

39. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

40. Plaintiff found the artificial or prerecorded voice messages and Defendant's calls to be irritating and invasive.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have an account with the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification

44. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

45. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

46. The exact number of the members of the Class are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

47. The members of the Class are ascertainable because they are defined by reference to objective criteria.

48. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

49. Plaintiff's claims are typical of the claims of the members of the Class.

50. As it did for all members of the Class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

51. Plaintiff's claims, and the claims of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendant.

52. Plaintiff's claims are based on the same theories as the claims of the members of the Class.

53. Plaintiff suffered the same injuries as the members of the Class.

54. Plaintiff will fairly and adequately protect the interests of the members of the Class.

55. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

56. Plaintiff will vigorously pursue the claims of the members of the Class.

57. Plaintiff has retained counsel experienced and competent in class action litigation.

58. Plaintiff's counsel will vigorously pursue this matter.

59. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

60. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

61. Issues of law and fact common to all members of the Class are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

62. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

63. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

64. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

65. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

66. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

67. The damages suffered by individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

68. The pursuit of Plaintiff's claims, and the claims of the members of the Class in one forum will achieve efficiency and promote judicial economy.

69. There will be little difficulty in the management of this action as a class action.

70. Defendant has acted or refused to act on grounds generally applicable to the members of the Class making final declaratory or injunctive relief appropriate.

## COUNT I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Robocall Class)

71. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-70.

72. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

73. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

74. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

9

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Robocall Class, respectfully request that the Court enter judgment against Defendant for:

A.  Certification of the Robocall Class as alleged herein;

B.  Appointment of Plaintiff as representative of the Class;

C.  Appointment of the undersigned as counsel for the Class;

D.  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

E.  Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

F.  Damages to Plaintiff and members of the Robocall Class pursuant to 47 U.S.C § 227(b)(3)(B);

G.  Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

H.  Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

I.  Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

J.  Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this January 21, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com